```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :   ORDER GRANTING
ISACK KOUSNSKY,                                               :   SUMMARY JUDGMENT
                                                              :
                                    Plaintiff,                :
                                                              :
            v.                                                :
                                                              :   13 Civ. 9176 (AKH)
PYRAMID AMERICA, L.P.,                                        :
                                                              :
                                    Defendant.                :
                                                              :
------------------------------------------------------------- x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/26/16

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiff Isack Kousnsky ("Kousnsky") initially brought this action alleging copyright infringement against Pyramid America L.P. ("Pyramid"), Amazon.com, Inc., eBay Inc., and Art.com, Inc. The claim concerns a three-year license that Kousnsky granted to Pyramid in October 2009 to manufacture and market posters of Kousnsky's photographs. On May 14, 2014, I granted defendants' motion for judgment on the pleadings pursuant to Rule 12(c). [Dkt. No. 29]. Kousnsky appealed. On December 21, 2015, the Second Circuit affirmed the order with respect to all defendants other than Pyramid. *Kousnsky v. Amazon.Com, Inc.*, 631 F. App'x 22 (2d Cir. 2015). With respect to Pyramid, the Second Circuit instructed that Kousnsky be permitted to file an amended complaint alleging more specific facts regarding two theories: 1) that Pyramid continued to create and sell Kousnsky's work after the agreement's three-year term expired on October 26, 2012; and 2) that Pyramid breached the licensing agreement by altering Kousnsky's photographs and/or by failing to provide Kousnsky with final approval of the images sold. *Id.* at 24-25. After receiving several extensions and admonishments from this Court, Kousnsky filed an amended complaint on March 1, 2016. [Dkt.

1

No. 42]. On September 9, 2016, following completion of discovery, Pyramid moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. [Dkt. No. 55]. For the reasons stated herein, I grant the motion in full.

### I. Background

Kousnsky is a photographer residing in New York City. Pyramid is a publisher of posters that sells posters to retailers such as Amazon.com, Art.com and others. On October 27, 2009, the parties entered into an agreement granting Pyramid an exclusive three-year license to publish, promote and sell photography provided by Kousnsky. Liguori Decl. Ex. A § 1. Specifically, the license granted Pyramid a "worldwide exclusive right and license, but not an obligation, to : (a) publish, promote, sell and distribute photography provided by Isack Kousnsky in a all (sic) size posters or print format (including all pictorial, graphic, and/or other subject matter or artistic renderings, including trademarks, icons, personalities and characters, portrayed therein, but only to the extent such elements are displayed, promoted sold and distributed as part of the original digital images without modification), by any means [Pyramid] reasonably uses now or in the future." *Id.* The agreement also stated that Kousnsky "will have final approval of all images and layout/design/tones/photos credit prior to the press run." *Id.*

Kousnsky then provided Pyramid with images for six posters. Liguori Decl. ¶ 9-10. Before manufacturing and marketing the posters, Erol Liguori, Pyramid's president, personally met with Kousnksy at Kousnksy's studio and provided Kousnsky with copies of each poster. Kousnsky indicated that he was pleased with the result and did not object to the posters' layout or otherwise complain of alterations to his images. *Id.* ¶ 11. During the term of the license, Pyramid sold 19,385 posters and accordingly paid Kousnsky a 10% royalty, totaling $3,278.10. Def.'s Rule 56.1 Statement ¶¶ 24-28; Liguori Decl. Exs. B and C. No later than by

October 16, 2012, Pyramid ceased selling his photographs, destroyed its inventory, and deleted all files associated with Kousnsky's work. Liguori Decl. ¶ 23. That same day, Pyramid's licensing director also sent Kousnsky a letter confirming these steps. Liguori Decl. Ex. H. On October 26, 2012, the license expired.

Although Kousnsky's amended complaint still contains a wide range of allegations previously dismissed by this Court, those allegations are outside the Second Circuit's remand and therefore will not be considered. With regard to issues still in play, Kousnsky's amended complaint alleges that Pyramid "caused a three-dimensional photograph of 'Black and White Meadow With Colorful Flower' to be created and sold" after the expiration of the license. Am. Compl. ¶ 55. Kousnsky also alleges that Pyramid "was causing changes to and alterations of his images and the visuals including superimposing unauthorized images on top of Plaintiff's photographs, and the framing of Plaintiff's photographs[.]" *Id.* ¶ 39. Lastly, Kousnsky alleges that he was "never requested nor gave his approval on alterations." Am. Compl. ¶ 91.

## II.  Standard of Review

Summary judgment is appropriate "if there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The court must "view the evidence in the light most favorable to the party opposing summary judgment, ... draw all reasonable inferences in favor of that party, and ... eschew credibility assessments." *Amnesty Am. v. Town of West Hartford,* 361 F.3d 113, 122 (2d Cir. 2004). However, the non-moving party may not

3

rely on conclusory allegations or unsubstantiated speculation to defeat the summary judgment motion. *Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir. 1998).

### III.   Discussion

Federal Rule 56(c) requires that a party "asserting that a fact cannot be or is genuinely disputed must support the assertion by ... citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other material." F.R.C.P. 56(c). Where a "party fails to properly support an assertion of fact," the court may "consider the fact undisputed for purposes of the motion." Federal Rule 56(e). Here, Kousnsky has failed to submit *any* admissible evidence.

Similarly, in the Southern District of New York, a party moving for summary judgment is required under Local Rule 56.1 to submit a Statement of Material Facts as to which it contends there are no genuine issues to be tried. The non-movant must then submit "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party." Local Rule 56.1(b). The movant's statements "will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Local Rule 56.1(c). Kousnsky has failed to submit a Local Rule 56.1 Statement of Material Facts. Accordingly, for purposes of deciding this motion, I accept Pyramid's Statement of Facts as true. *See Gubitosi v. Kapica,* 154 F.3d 30, 31 n. 1 (2d Cir.1998) ("We accept as true the material facts contained in defendants' [Rule 56.1] statement because plaintiff failed to file a response."); *T.Y. v. N.Y. City Dep't of Educ.,* 584 F.3d 412, 418 (2d Cir. 2009) ("In the typical case, failure to

4

respond results in a grant of summary judgment once the court assures itself that Rule 56's other requirements have been met.").

The Second Circuit permitted Kousnsky to amend his complaint to assert more specific facts with respect to two specific theories. Kousnsky has failed to show there is a genuine issue of material fact regarding either theory such that a reasonable jury could return a verdict in his favor. Accordingly, summary judgment is appropriate.

### a. Whether Pyramid Continued to Produce and Distribute Kousnsky's Work Following Expiration of the License

It is undisputed that the license expired on October 26, 2012. Liguori Decl. Ex. A § 6. As of October 16, 2012, ten days prior to the license's expiration, Pyramid discontinued all sales of Kousnsky's work, destroyed its remaining inventory, and deleted all related computer files. Liguori Decl. ¶ 23. That same day, Pyramid's licensing director also sent Kousnsky a letter confirming these steps. Liguori Decl. Ex. H. Kousnsky has offered no evidence to rebut these facts. Kousnsky contends that "Defendants did not cease 'publishing, selling, and marketing' the licensed photos after termination of the agreement." Opp. at 4. However, "mere conjecture or speculation by the party resisting summary judgment does not provide a basis upon which to deny the motion." *Argus Inc. v. Eastman Kodak Co.*, 801 F.2d 38, 42 (2d Cir. 1986) (quotation marks and citation omitted). Kousnsky's claim that Pyramid sold posters of his photographs after the license expired therefore fails.

### b. Whether Pyramid Breached Any Provisions of the Licensing Agreement

*Modification of the Images.* The amended complaint alleges that Pyramid caused "alterations of his images" by "superimposing unauthorized images on top of Plaintiff's photographs, and the framing of Plaintiff's photographs." Am. Compl. ¶ 39. In support of this

5

allegation, Kousnsky has attached a handful of images to two documents: his amended complaint and a "First Supplemental Response of Plaintiff, Isack Kousnsky to Defendant, Pyramid America's First Interrogatories," which Kousnsky attached to his memorandum in opposition to Pyramid's summary judgment motion. Neither document was verified or accompanied by a supporting declaration, nor were the images attached to them authenticated. But "unsworn statements are not admissible to controvert a summary judgment motion." *Dukes v. City of N.Y.*, 879 F. Supp. 335, 343 (S.D.N.Y. 1995). *See also Bartley v. Collins*, No. 95 CIV. 10161 (RJH), 2006 WL 1289256, at *7 (S.D.N.Y. May 10, 2006) (unverified complaints "cannot be relied on as evidence in opposing a summary judgment motion."). It is unclear where the images came from and what they purport to represent. In short, the images are not admissible evidence. *See Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 746 (2d Cir. 1998) ("On a summary judgment motion, the district court properly considers only evidence that would be admissible at trial."); *Rivera v. Choice Courier Sys., Inc.*, No. 01 CIV. 2096 (CBM), 2004 WL 1444852, at *6 (S.D.N.Y. June 25, 2004) (unauthenticated transcripts were inadmissible and therefore cannot be used in opposition to summary judgment motion).

But even if such images were admissible, summary judgment is proper for two additional reasons. First, the licensing agreement permitted Pyramid to "publish, promote, sell and distribute photography provided by Isack Kousnsky ... by any means [Pyramid] reasonably uses now or in the future." Liguori Decl. Ex. A § 1. Pyramid correctly points out that the requirement that this be done "without modification" applies only to "trademarks, icons, personalities and characters" portrayed within the licensed photographs. Kousnsky has not alleged that any of his photographs contained such elements, let alone that they were modified. Second, these images, which appear to be screenshots taken from websites such as Amazon.com,

say nothing about *Pyramid's* conduct. That an image appearing on Amazon.com appears to be cropped says nothing about whether Pyramid did this cropping or whether the actual poster itself was cropped. A reasonable jury could not conclude based on these images that Pyramid improperly modified Kousnsky's photographs.

*Failure to Give Kousnsky Final Approval.* Finally, Pyramid is entitled to summary judgment on Kousnsky's allegation that Pyramid failed to give him final approval of the posters before they printed and distributed. Kousnsky has introduced no evidence to rebut Mr. Liguori's declaration stating that he personally obtained Kousnsky's approval. Liguori Decl. ¶ 11.

### IV. Conclusion

Kousnsky's claims are not supported by any admissible evidence, and no jury could reasonably find in his favor. Pyramid's motion for summary judgment is granted.

The Clerk shall grant judgment to Defendant Pyramid, dismissing the complaint with prejudice and with costs, and shall mark the motion [Dkt. No. 53] terminated and the case closed.

SO ORDERED.

Dated:     October 26, 2016
           New York, New York

                                            _____
                                            ALVIN K. HELLERSTEIN
                                            United States District Judge